IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Flomo Tealeh, | ) |
|       Plaintiff, | ) **ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO COMPEL** |
| vs. | ) |
| Ward County, Sandra Richter, Melissa Bliss, and John Does 1-200, Inclusive, | ) Case No.: 1:17-cv-105 |
|       Defendants. | ) |

Before the Court is Plaintiff Flomo Tealeh's Motion to Amend Complaint, filed on March 11, 2019 and Request to Compel, filed on March 12, 2019. Defendants oppose the motion. (Doc. No. 50). For the reasons articulated below, these motions (Doc. No. 46, Doc. No. 47) are each **DENIED**.

## I. Motion to Amend Complaint

Tealeh's motion to amend is only a paragraph in length. He gives the grounds for his request as follows:

> Plaintiff believes there is reasonable belief and/or probable cause to believe there exists reasonable basis to believe that the Defendants also retaliated against Plaintiff by terminating Plaintiff's employment because of Plaintiff's participation in a discrimination lawsuit against a former employer. Based on the aforementioned, Plaintiff respectfully requests a leave of court to amend the Complaint.

In his Complaint, Tealeh has already made at least two separate claims of retaliation. (Doc. No. 1, ¶ 58-64, ¶ 116-123). Tealeh alleges that defendants retaliated against him for "opposing Defendant Richter's unlawful act," as well as for "his opposition and complaints about the Defendant's alleged unlawful harrassments, [sic] intimidations and/or discriminatory practices and was done under the pretext of poor work performance." Id. at ¶ 117.

1

As such, in the Motion, it appears that Tealeh is not alleging any new act of retaliation, but simply another motivation for the previously-alleged retaliatory termination. Defendants raise several issues in their opposition to Tealeh's request, such as undue delay, unfair prejudice, futility, and failure to comply with the scheduling order.

### A. Tealeh's Compliance with Rule 16(b)

In its original Scheduling Order issued in August 2017, the Court gave the parties until January 2, 2018, to amend pleadings. (Doc. No. 17). In March 2018, the Court directed that a status conference be held and suspended all pretrial deadlines "in the interim." (Doc. No. 23). After another status conference was held, the court issued an amended scheduling order revising certain deadlines; however, this order did not specifically address the deadline for amending pleadings. (Doc. No. 27). Presumably, the original January 2018 deadline to amend pleadings would have remained in effect, as it was only suspended "in the interim" before a status conference and was never revised. If this is indeed the case, then Tealeh's proposed amendment comes after the scheduling order deadline.

Rule 16(b) of the Federal Rules of Civil Procedure governs such untimely requests. When a party seeks to amend a pleading after the scheduling order deadline, "the application of Rule 16(b)'s good-cause standard is not optional." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). And the primary measure of good cause is the moving party's diligence in attempting to comply with the order. Sherman, 532 F.3d at 716, citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). A district court acts "within its discretion" when denying a motion to amend which made no attempt to show good cause. Harris v. FedEx Nat. LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014), citing Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003).

Tealeh's motion fails to provide any explanation as to why his allegation was not made earlier. Tealeh was fired in May 2016, three years before this motion. He filed his lawsuit in early 2017, two years before this motion. Yet Tealeh does not even acknowledge the delay. As the "primary measure" of good cause is diligence, and Tealeh has not even attempted to make a showing of diligence, this Court finds that he lacks good cause for amending his complaint after the scheduling deadline.

### B. Tealeh's Compliance with Rule 15(a)

The Court will entertain the possibility that Tealeh's motion was, in fact, timely due to the alterations to the scheduling order in this case. Assuming, *arguendo*, that this is the case, Tealeh would have needed to comply with Rule 15(a) of the Federal Rules of Civil Procedure.

Rule 15(a)(2) governs amendment of pleadings after the time period for pleadings as a matter of course have expired, as they have in this case. It allows for amendment with opposing party's consent – absent here – or upon leave of court. Leave of court must be "freely given. . . when justice so requires." F.R.C.P. 15(a)(2). Yet even under this liberal standard, parties do not have an absolute right to amend their pleadings. Sherman, 532 F.3d at 715, citing United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). A district court properly denies a motion to amend when "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Id., quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005). Defendants argue that denial is proper in this instance on the grounds of undue delay, unfair prejudice, and futility.

Considering the timing of Tealeh's motion – nearly two years after his initial complaint, alleging retaliation occurring between three and four years prior – the Court agrees with the Defendants that there is no justification for the delay.

Further, Tealeh failed to comply with Civil Local Rule 5.1(C) by failing to provide his proffered amended pleading. As such, the Court cannot engage in a futility analysis. A district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule. U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp., 690 F.3d 951, 958 (8th Cir. 2012). Based on Tealeh's failure in this respect, as well as his undue delay in bringing this motion, his Motion to Amend Pleadings (Doc. No. 46) is **DENIED**.

## II. Motion to Compel

In the second motion before the Court, Tealeh requests that the Court compel Defendants "to produce all documents including electronic records, files, fax, emails. . ." etc. He states that he believes the Defendants "may have" concealed, falsified, or fabricated documents.

As Defendants point out, Tealeh's request is not based on any valid discovery request and is untimely. Defendants have already exceeded their obligations in accordance with Rule 26(a) disclosures. As such, the Motion to Compel (Doc. No. 47) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 17th day of January, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter
United States Magistrate Judge